UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RICHARD MOORE,

                              Petitioner,

          v.

WILLIAM LEE, Superintendent,

                              Respondent.

_____

<u>DECISION AND ORDER</u>

19-CV-6632L

## INTRODUCTION

Petitioner Richard Moore has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in Niagara County Court of one count of manslaughter in the first degree, N.Y. Penal L. § 125.20(1). Petitioner was convicted based on a guilty plea entered pursuant to a plea agreement, in satisfaction of an indictment charging him with murder in the second degree (N.Y. Penal L. § 125.25(1)), criminal possession of a weapon in the second degree (N.Y. Penal L. § 265.03(1)(b)), and criminal use of a firearm (N.Y. Penal L. § 265.08(1)). He was sentenced to a determinate term of imprisonment for seventeen years, followed by a five-year term of post-release supervision.

Although as a part of his plea agreement petitioner waived his right to appeal, he did appeal, and the Appellate Division, Fourth Department, affirmed his conviction. *People v. Moore*, 140 A.D.3d 1684 (4th Dep't 2016). The New York Court of Appeals denied leave to appeal, 28 N.Y.3d 934 (2016).

Petitioner also filed several other challenges to his conviction, including a motion for a writ of error coram nobis, which was denied, 160 A.D.3d 1505 (4th Dep't 2018), and two motions to vacate the conviction pursuant to N.Y. C.P.L. § 440.10, both of which were denied by the trial court.

Petitioner then filed a habeas corpus petition in the United States District Court for the Northern District of New York, which transferred the case to this district. (Dkt. #4.) Respondent has filed a response to the petition as well as the state court record (Dkt. #9), and petitioner has filed a reply. (Dkt. #13.)

## BACKGROUND

The charges against petitioner were based on his having shot and killed the victim on September 28, 2013. At his plea proceeding, petitioner admitted that on that date, he was at a friend's house, where he got into an argument with the victim and shot her in the stomach, intending to cause her physical injury. (Dkt. #9-5 at 10-11.) She died from that wound.

Before perfecting his appeal, petitioner filed a *pro se* motion to vacate his conviction pursuant to C.P.L. § 440.10, asserting that his guilty plea was defective and that his attorney had been ineffective in certain respects. The trial court denied the motion, and the Appellate Division denied leave to appeal.

In his direct appeal, petitioner raised several arguments, both through his appellate counsel and *pro se*. He asserted that his waiver of the right to appeal was invalid, and that his sentence was unduly harsh and excessive. The appellate court rejected those arguments and affirmed the conviction and sentence.

Petitioner next filed a *pro se* motion for a writ of error coram nobis, this time asserting that his appellate counsel had been ineffective for failing to raise certain arguments on appeal. The Appellate Division summarily denied the motion.

Petitioner filed a second motion to vacate the conviction on November 8, 2018, again asserting ineffective assistance on the part of trial counsel. The trial court denied that motion as well, and the Appellate Division denied leave to appeal.

In his habeas petition in this Court, petitioner asserts six grounds for relief: (1) his waiver of the right to appeal was invalid; (2) the trial court's imposition of a seventeen-year sentence was an abuse of discretion; (3) his guilty plea was unknowingly and unintentionally made; (4) ineffective assistance of trial counsel, in connection with the guilty plea; (5) the trial court erroneously denied petitioner's motion to vacate his conviction; and (6) ineffective assistance of appellate counsel.

## DISCUSSION

### I. General Principles

At the outset, certain principles must be kept in mind. First, in reviewing state criminal convictions in a federal habeas corpus proceeding, a federal court does not sit as a super-appellate court. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). *See also Ponnapula v. Spitzer*, 297 F.3d 172, 182-83 (2d Cir. 2002) (cautioning against fashioning "every nuance of state law ... into a [legal insufficiency] problem, thereby transforming federal habeas courts into super-appellate state courts," a role which "[b]oth Congress and the Supreme Court prohibit for federal habeas courts").

In other words, "[f]ederal habeas corpus is a backstop. It lets federal courts review the merits of federal claims in state criminal cases. But federal courts do not sit to review state law. So federal

courts will not review federal claims when the state court's decisions are supported by a state-law reason, an 'independent and adequate state ground[ ].'" *Richardson v. Superintendent Coal Township SCI*, 905 F.3d 750, 759 (3d Cir. 2018) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)).

While those general principles have been long established, they were further reinforced by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, when a claim has been adjudicated on the merits in state court, federal habeas corpus relief is available only if the state court proceeding: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). That standard poses "a formidable obstacle to habeas relief ... ." *Clark v. Noeth*, 351 F.Supp.3d 369, 371 (W.D.N.Y.), *appeal dismissed*, 2019 WL 7876471 (2d Cir. 2019),

Where a state court rejects a petitioner's habeas claim on the merits, "the federal court must 'focus its review on whether the state court's ultimate decision was an 'unreasonable application' of clearly established Supreme Court precedent.'" *Aparicio v. Artuz*, 269 F.3d 78, 94 (2d Cir. 2001) (quoting *Sellan v. Kuhlman*, 261 F.3d 303, 311-12 (2d Cir. 2001)) (additional citations omitted); *see also Harrington v. Richter*, 562 U.S. 86, 99 (2011) ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary"). "A state court decision slips into the 'unreasonable application' zone 'if the state court identifies the correct governing legal principle from [the Supreme Court's] decision but

-4-

unreasonably applies that principle to the facts of the prisoner's case.'" *Id.* (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)) (modification in original). "[A]n unreasonable application of federal law is different from an incorrect or erroneous application of federal law." *Williams*, 529 U.S. at 412 (emphasis in original). Thus, it is not enough that this Court may have decided the question of law differently; rather, to deem habeas relief appropriate, the state court's application must demonstrate some additional "increment of incorrectness beyond error." *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000).

**II. Analysis**

    **A. Waiver of the Right to Appeal**

In his first ground for relief, petitioner contends that his waiver of the right to appeal, which he made pursuant to the plea agreement, was invalid because the trial court failed to explain to him at the time of his plea that the waiver was not an automatic consequence of his guilty plea, and that it included a waiver of his right to appeal the sentence. Petitioner raised this argument in his direct appeal, and the Appellate Division rejected it, stating that "the record establishes that he knowingly, voluntarily and intelligently waived the right to appeal, and that he understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty." 140 A.D.3d at 1684-85 (internal quotes omitted).

"It is well-settled that the right to appeal is not a constitutional right, but rather 'purely a creature of statute.'" *D'Onofrio v. Annucci*, No. 16 Civ. 1740, 2018 WL 6251367, at *12 (S.D.N.Y. Oct. 23, 2018) (quoting *Abney v. United States*, 431 U.S. 651, 656 (1977)) (additional internal quote omitted). A habeas claim asserting an invalid waiver of the right to appeal therefore generally does

not present a constitutional question cognizable on habeas review. *See United States v. Teeter*, 257 F.3d 14 (1st Cir. 2001) (stating that the "right to appeal in a criminal case is not of constitutional magnitude") (citing *Jones v. Barnes*, 463 U.S. 745, 751 (1983)). *See also Underwood v. Graham*, No. 06-CV-674, 2010 WL 184315, at *3 (W.D.N.Y. Jan. 15, 2010) *(*"Given that a defendant may waive constitutional rights as part of a plea agreement, 'it follows logically that a defendant ought to be able to waive rights that are purely creatures of statute'") (quoting *Teeter*, 257 F.3d 14) (additional citations omitted).

In addition, the state court's finding that petitioner validly waived his appeal rights is reasonable and entitled to substantial deference by this Court. Even if I were to consider this contention *de novo*, it is flatly contradicted by the record. The trial court repeatedly asked petitioner if he understood that he had a "separate and independent right to appeal," and that by entering into the plea agreement he was giving up his right to appeal any of the trial court's rulings, including his right to argue to a higher court that his sentence was harsh or excessive. Petitioner acknowledged that he understood all of that, that he had spoken about it with his attorney, and that he had no questions in that regard. (Dkt. #9-5 at 8-9.) This claim is therefore meritless.

**B. Excessive-Sentence Claim**

In his second ground for relief, petitioner asserts that his seventeen-year sentence was unduly harsh and excessive. It is well settled that such a claim may not be raised as grounds for habeas corpus relief if the sentence is within the range prescribed by state law. *See White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992); *Major v. Lamanna*, No. 18-cv-418, 2021 WL 4267851, at *15 (N.D.N.Y. Sept. 3, 2021). This contention therefore presents no ground for habeas relief.

Although I need not reach the merits of this ground, I also note that at his plea colloquy, petitioner acknowledged that he understood that the trial judge "could put [him] in prison for as long as 25 years," and that his appeal-rights waiver included the right to challenge his sentence. (Dkt. #9-5 at 6, 9.) The Appellate Division also held that petitioner's "valid waiver forecloses any challenge by defendant to the severity of his sentence." 140 A.D.3d at 1685. The claim is therefore meritless for those reasons as well.

### C. Validity of the Guilty Plea

In his third ground for relief, petitioner asserts that his guilty plea was unknowingly and unintelligently made because his factual recitation did not establish the essential elements of the manslaughter charge, and because neither his attorney nor the trial court explained to him the elements of that offense.

Petitioner raised these arguments in a motion to vacate his conviction under C.P.L. § 440.10. The trial court denied the motion, stating that at the plea proceeding petitioner "agreed that he intended to shoot the victim and intended to cause her serious physical injury," and that his later assertion at sentencing that he was only trying to shoot "above" the victim to "scare" her contradicted his sworn statements during the plea colloquy. (Dkt. #9-3 at 24.) The court also said that petitioner was confusing the intent to kill required for a murder conviction with the intent to cause serious physical injury required for manslaughter. *Id.* The court added, "To the extent that Defendant contends that his plea is belied by the record, he could have raised that issue on appeal and is now foreclosed from raising it in a CPL 440 motion." *Id.* at 24-25 (citing C.P.L. § 440.10(2)(c)).

Because the state court rejected this challenge on procedural grounds–petitioner's failure to raise it in his direct appeal–the state court's ruling rests on an independent and adequate state law ground, which bars habeas review in this Court unless petitioner can show cause for the default and actual prejudice. He has not done so. *See Elshabazz v. Graham*, No. 18-CV-6160, 2021 WL 4845996, at *5 (W.D.N.Y. Oct. 18, 2021) (citing *Coleman*, 501 U.S. at 750).

As with petitioner's excessive-sentence argument, though I have no need to address the merits of this claim, it is worth noting that the trial court's ruling appears to be entirely correct. Petitioner's sworn statements at his plea proceeding, which carry "a strong presumption of veracity," *Swift v. Tweddell*, 582 F.Supp.2d 437, 449 (W.D.N.Y. 2008), show that he intended to shoot the victim and by doing so to cause her serious bodily injury, which meets the intent requirement for a manslaughter conviction under New York law. *See People v. Sutton*, 174 A.D.3d 1052, 1052 (3d Dep't), *leave to appeal denied*, 34 N.Y.3d 954 (2019). There is nothing in the record to suggest that petitioner was in any way misled or misinformed in that regard.

### D. Ineffective Assistance of Trial Counsel

In his fourth ground for relief, petitioner asserts that his trial lawyer was ineffective because he erroneously advised petitioner to plead guilty, despite knowing that (according to plaintiff) plaintiff's factual admissions did not support a manslaughter conviction. Petitioner also raised this argument in his § 440.10 motion, and the trial court rejected it on the merits. (Dkt. #9-3 at 25.)

This assertion requires little comment. In addition to the formidable hurdles to establishing such a claim, *see Carney v. Coveny*, No. 18-CV-6644, 2021 WL 4912802, at *2 (W.D.N.Y. Oct. 21, 2021) (explaining that a federal court deciding a habeas petition must give deference both to counsel's strategic choices and to the state court's finding that petitioner received constitutionally

adequate assistance), the claim is foreclosed for the simple reason that, as explained above, petitioner's factual admissions were more than sufficient to support his conviction for manslaughter. By no stretch of the imagination could his attorney's advice be considered erroneous. Furthermore, since petitioner had been facing a charge of second-degree murder (a class A-1 felony that carries a maximum penalty of life imprisonment, *see* N.Y. Penal L. §§ 125.25, 70.00)), counsel's advice to take a plea offer of a manslaughter charge appears eminently sound.

I also agree with respondent that to the extent that petitioner bases this ground for relief on an assertion that his attorney was ineffective because he did not move to withdraw petitioner's guilty plea, the claim is unexhausted, inasmuch as petitioner did not raise it in state court. At any rate, such a claim would have stood no chance of success, since there was no factual or legal basis for such a motion.

### E. Trial Court's Denial of Petitioner's § 440.10 Motions

In his fifth ground for relief, petitioner asserts that the trial court erroneously denied his motion to vacate his conviction pursuant to C.P.L. § 440.10. As stated, petitioner actually filed two such motions, both of which were denied.

In support of this assertion, petitioner contends that the record before the trial court showed that his guilty plea was defective and that it was made due to his counsel's ineffective representation. This ground is thus simply a repackaging of his other grounds for relief concerning those matters, and it is equally meritless.

### F. Ineffective Assistance of Appellate Counsel

In his sixth and final ground for relief, petitioner asserts that his appellate attorney was ineffective because he filed a "frivolous brief" in the direct appeal, instead of the "viable colorable"

arguments that petitioner had urged him to make. (Dkt. #1 at 8.) Petitioner presented these arguments in his motion for a writ of error coram nobis, which the Appellate Division denied without comment in a one-page order. (Dkt. #9-3 at 200.)

Like his other grounds, this presents no basis for habeas relief. Petitioner asserts that his appellate lawyer should have argued that his trial lawyer was ineffective in certain respects. As explained above, there was no legitimate basis for such an argument. In addition, to the extent that petitioner contends that his appellate attorney should have premised such an argument on trial counsel's failure to advise petitioner to pursue a defense of extreme emotional disturbance, that argument is itself frivolous. Had petitioner gone to trial and succeeded on that defense, the result would have been a conviction of first-degree manslaughter, which is exactly what he pleaded to. *See* N.Y. Penal L. § 125.20; *Gonzalez v. Lee*, No. 11-CV-5618, 2020 WL 10317399, at *11 (E.D.N.Y. Oct. 20, 2020), *R&R adopted*, 2021 WL 2525398 (E.D.N.Y. June 21, 2021).[1]

## CONCLUSION

For all the reasons stated above, there is no basis to grant habeas corpus relief in this case. Therefore, the petition for a writ of habeas corpus (Dkt. #1) is DENIED. The Court also denies

---

[1] I also note that the arguments in petitioner's brief on appeal that he now calls "frivolous" are among the grounds for relief that he advances in his habeas petition.

issuance of a certificate of appealability because petitioner has failed to make a substantial showing of the denial of any constitutional right.

    IT IS SO ORDERED.

                                _____
                                    DAVID G. LARIMER
                                  United States District Judge

Dated: Rochester, New York
        November 2, 2021.